IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WHEATON EQUIPMENT COMPANY, an Idaho Corporation,<br><br>      Plaintiff,<br><br>v.<br><br>FRANMAR, INC., a Corporation; and FRANKLIN TOLBERT, an Individual,<br><br>      Defendants. | Case No. CV-03-220-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion for sanctions and for enlargement of time to conduct discovery filed by defendants Franmar and Tolbert (hereinafter collectively referred to as Franmar). Also pending is an objection to Franmar's affidavit of attorney fees. Both of these matters are fully briefed and at issue. For the reasons expressed below, the Court will deny the motion for sanctions, grant the requested enlargement of time to conduct discovery, and award part of the fees requested.

## ANALYSIS

**Memorandum Decision and Order – Page 1**

1.     **Motion for Sanctions**

In an earlier Order, the Court directed plaintiff Wheaton to provide more detailed answers to discovery requests, and awarded fees against Wheaton. Wheaton has now supplemented its answers, and Franmar responded by filing this motion, claiming that the supplementation is insufficient.

For example, Franmar complains that Wheaton's supplemental answers fail to provide any details concerning the inventory of the shop building contents or the oral communications regarding the joint venture. Franmar asserts that these insufficient answers violate the Court's order compelling more definite answers, and therefore warrant an award of sanctions.

Wheaton's original answers were equivocal and lacking in detail. That created a potential for prejudice to Franmar if Wheaton's witnesses became more precise at trial. To avoid that possibility, the Court directed Wheaton to supplement its answers. While Wheaton's supplemental answers lack detail, they are no longer equivocal – they state clearly that Wheaton has no details to provide. These answers bind Wheaton at trial. The Court will guard against Franmar being prejudiced at trial by any testimony that attempts to provide details not revealed in discovery. Thus, Wheaton's supplemental answers fulfilled the goal sought by the Court to alleviate the potential for prejudice at trial. For that reason, the Court

**Memorandum Decision and Order – Page 2**

does not find that sanctions are appropriate for the lack of detail in those answers.

The Court will turn next to Franmar's contention that it was ambushed at the deposition of Larry Wheaton when he arrived with nine boxes full of documents. Franmar asserts in its opening brief that "no efforts were made on the part of plaintiff's counsel to communicate with defendants' counsel regarding the number of documents they anticipated being produced at Mr. Wheaton's deposition . . . ." *See Franmar Brief* at p. 6.

In response, Wheaton's counsel filed his affidavit stating that about ten days prior to the deposition, he advised defense counsel that "the documents responsive to the [deposition subpoena] would be 'voluminous.'" *See Claiborne Affidavit* at ¶ 6. Franmar filed no rebuttal affidavit, and ignored the issue in its reply brief. From this record, it appears Franmar's counsel made an unfounded accusation in the opening brief, and backed down when confronted with the affidavit from plaintiff's counsel.

Franmar also alleged in its opening brief that "counsel for plaintiff attempted to restrict defendants' counsels' right to question the plaintiff regarding the documents produced at the deposition and informed defendants' counsel that the documents could not be reviewed at the deposition, afterwards permitting defendant's counsel to review some of the documents that had been produced. It

**Memorandum Decision and Order – Page 3**

goes without saying that in the limited time provided, it was impossible for the defendant's counsel to review all of the documents produced within the nine banker's boxes at Mr. Wheaton's deposition." *See Franmar Brief* at p. 6.

Wheaton's counsel responded with his affidavit stating that he never refused to allow counsel to question Wheaton, and that he allowed counsel to "inspect the documents without limitation after the deposition." *See Reid Affidavit* at ¶ 5. Franmar's counsel ignores this response in his reply brief and the Court is once again left with the impression that Franmar is retreating from an unsupported accusation.

Franmar also complains that many of the documents from Wheaton's boxes should have been turned over in Wheaton's Rule 26 initial disclosures. Wheaton responds that it will not be using those documents to support its claims or defenses and thus had no obligation to turn them over. That answer both resolves this dispute and binds Wheaton at trial. Rule 26 requires Wheaton to turn over in initial disclosures only those documents that it intends to use to support its claims or defenses. If it does not intend to support its case with documents from the nine boxes, it had no obligation to turn them over in initial disclosures, and will have no

**Memorandum Decision and Order – Page 4**

right to use them at trial.[1]

Franmar contends next that many of the documents in Wheaton's boxes should have been turned over in response to earlier-filed requests for production. Those requests asked for financial documents relating to the joint venture or the claims in this suit. The Wheaton subpoena, however, contained a different request, asking for all financial and accounting records related to Wheaton Equipment Company from 2000 to the present. The record does not show that Franmar made any similar request prior to the Wheaton subpoena.

Certainly many of Wheaton's financial records had nothing to do with the joint venture or the claims in this case. Those documents did not necessarily have to be turned over pursuant to pre-subpoena discovery requests. Franmar has not identified the precise documents that were in Wheaton's nine boxes that allegedly should have been turned over earlier but were not. Thus, the Court has no way of verifying Franmar's general claim that "these documents, without question, fall within the scope of defendant's previous discovery requests." *See Franmar Reply Brief* at p. 5.

Even if Wheaton's discovery response was lacking before Larry Wheaton's

---

[1] If documents in the nine boxes were turned over in initial disclosures, those documents would of course not be subject to this exclusion.

**Memorandum Decision and Order – Page 5**

deposition, Wheaton essentially supplemented its insufficient response at that deposition. Franmar has now had about three months to examine those documents, and will have even more time because the Court will grant its motion to extend discovery, discussed below. Thus, no prejudice has been established.[2] For all of these reasons, the Court can find no grounds for issuing sanctions against Wheaton or its counsel.

**2.      Motion for Enlargement of Time to do Discovery**

In an earlier-filed decision, the Court left open the issue whether certain types of expenses could be used to calculate net profits. At oral argument on that motion, both sides agreed to extend the discovery deadline if the Court's decision held open that question. The Court will therefore enlarge the period of discovery to allow inquiry into that issue as well as any issues raised by the nine boxes of documents turned over by Larry Wheaton at his deposition.

The Court finds that an extension of sixty days to do discovery should be sufficient. Discovery shall therefore be completed on or before June 20, 2005. The Court's earlier decision denied dispositive motions, and so this case should be ready for trial shortly after the discovery period has ended. The Court will therefore set trial for September 6, 2005.

---

[2] This same analysis covers the documents from Meridian Gold.

**Memorandum Decision and Order – Page 6**

3.   **Attorney Fees**

In the earlier Order granting Franmar's motion to compel, the Court awarded fees to Franmar's counsel. They seek a total of $8,104.23 in fees. Wheaton objects to that sum, claiming that it is excessive.

Wheaton did prevail on part of the motion to compel. The motion was straight-forward, and did not present any complex issues. Under these circumstances, the Court finds that an award of fees of $4,000 is appropriate.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for sanctions (Docket No. 59 part one) is DENIED.

IT IS FURTHER ORDERED, that the motion for enlargement of time to conduct discovery (Docket No. 59 part two) is GRANTED and that discovery be completed on or before **June 20, 2005.**

IT IS FURTHER ORDERED, that the defendants have $4,000 in attorney fees from plaintiffs.

IT IS FURTHER ORDERED, that trial in this case be held on **September 6, 2005, at 1:30 p.m.** in the Federal Courthouse in **Boise, Idaho**.

IT IS FURTHER ORDERED, that a pretrial conference be held on **August**

**23, 2005, at 10:00 a.m.** by telephone with plaintiffs to initiate the call.  The plaintiffs shall contact the Court through Judicial Assistant Susie Boring-Headlee, at 208-334-9145.

DATED:  **April 20, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court