IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WHEATON EQUIPMENT CO.,  ) <br> an Idaho Corporation,                  ) <br>                                              ) <br>                    Plaintiff,         ) <br>                                              ) <br>        v.                                 ) <br>                                              ) <br> FRANMAR, INC., a Corporation; ) <br> and  FRANKLIN TOLBERT,    ) <br>                                              ) <br>                    Defendants.    ) <br> _____) | Case No.  CV-03-220-S-BLW <br><br> **MEMORANDUM DECISION** <br> **AND ORDER** |

## INTRODUCTION

The Court has before it Plaintiff's Verified Petition for Allowance of Attorney Fees and Nontaxable Expenses (Docket No. 135), Defendant Franklin Tolbert's Petition for Award of Attorney Fees and Motion to Extend the Time to Appeal (Docket No. 137), Defendant Franmar, Inc.'s Motion to Amend or Make Additional Findings Pursuant to Rule 52(b) and Alter or Amend Judgment Pursuant to Rule 59 (Docket No. 139), Plaintiff's Motion to Retax (Docket No. 156), Defendants' Motion to Retax (Docket No. 157) and Defendants' Motion to Retax (Docket No. 158).

**Memorandum Decision and Order - 1**

## ANALYSIS

### I.      Motion to Amend Judgment

Motions to amend findings of fact and/or final judgment pursuant to Rules 52(b) and 59(e) are appropriate where the court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.  *See* School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); *see also* Renfro v. City of Emporia, 732 F.Supp. 1116, 1117 (D.Kan. 1990).  Franmar Inc., ("Franmar") has failed to meet this burden, and the Court will not amend its Findings of Fact, Conclusions of Law and Judgment in this case.

### II.     Motions for Attorney Fees.

Idaho law governs the award of attorney fees in this matter because federal courts follow state law as to attorney fees in diversity actions.  *See* Interform Co. v. Mitchell, 575 F.2d 1270, 1270 (9th Cir. 1978) (applying Idaho law).  Pursuant to Idaho Code § 12-120(3), the prevailing party is entitled to an award of attorney fees when a commercial transaction is the gravamen of the lawsuit.  *See* Erickson v. Flynn, 64 P.3d 959 (Idaho Ct. App. 2002).  The parties agree to this statement of the law, but disagree on which party is the prevailing party.

"The determination of whether a litigant is the prevailing party is committed

**Memorandum Decision and Order - 2**

to the discretion of the trial court." *Sanders v. Lankford*, 1 P.3d 823, 826 (Idaho Ct. App. 2000); see also I.R.C.P. 54(d)(1)(B).  In Idaho, governing legal standards on the prevailing party issue are provided by I.R.C.P. 54(d)(1)(B).  "[T]here are three principal factors the trial court must consider when determining which party, if any, prevailed: (1) the final judgment or result obtained in relation to the relief sought; (2) whether there were multiple claims or issues between the parties; and (3) the extent to which each of the parties prevailed on each of the claims or issues."  *Id.*

In this case, Wheaton Equipment Co. ("Wheaton") filed suit against Franmar and it's sole shareholder, Franklin Tolbert, alleging breach of contract and seeking a proper accounting of the profits and losses of the Joint Venture.  Franmar counterclaimed against Wheaton, alleging breach of contract and seeking an accounting as well.  Wheaton sought nearly $450,000.00 in damages, and Franmar sought nearly $200,000.00 in damages.

In its final decision, this Court found that both Wheaton and Franmar breached the contract to some degree, and that both parties failed to provide the other party with a proper accounting of its profits and losses incurred on behalf of the Joint Venture.  However, the amount of damages awarded to each party was hardly comparable.  The Court ordered Franmar to pay Wheaton the sum of

**Memorandum Decision and Order - 3**

$340,186.32, but only ordered Wheaton to pay Franmar the smaller sum of $12,245.89.   A comparison of the amount sought with the amount awarded conclusively establishes who prevailed.  The amount awarded to Wheaton exceeded 75% of its requested damages, while the award to Franmar was  less than 6% of its requested damages.  Viewed in this light, it is clear to the Court that Wheaton was the prevailing party.

With respect to Defendant Tolbert, the Court found that he was not a party to the contract and therefore did not breach the contract.  Wheaton therefore recovered nothing against Tolbert.  In litigation, avoiding liability is as good for a defendant as winning a money judgment is for a plaintiff.  *See Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc.*, 117 P.3d 130, 133 (Idaho 2005).  Accordingly, the Court finds that Tolbert prevailed against Wheaton.  All of Franmar's and Tolbert's attorney fees overlapped, however.  In fact, Franmar and Tolbert state that the fees were equally incurred by the two.  (See Aff. of Rex Blackburn, ¶ 5, Docket No. 137).

Given the Court's determinations that Wheaton prevailed against Franmar and Tolbert's failure to break out his fees from those incurred by Franmar, the

**Memorandum Decision and Order - 4**

Court will not award Tolbert his attorney fees.[1]  Moreover, the hard reality is that Tolbert's victory in escaping personal liability is largely meaningless, given the substantial judgment obtained by Wheaton against his closely held company.

With respect to the specific amount of fees recoverable by Wheaton, Wheaton submitted an affidavit by one of its attorneys outlining the attorney fees associated with this case.  The total amount of those fees equaled $85,648.70.  Franmar objected to some of those fees, and Wheaton conceded some, but not all, of those objections, limiting its claim to $84,432.50.  The Court will address the remaining objections below.

First, Franmar claims that Wheaton should not recover fees associated with Franmar's motion for sanctions filed on January 28, 2005.  Because the Court denied the motion, Wheaton is entitled to the fees associated with the motion.

Second, Franmar also claims that Wheaton should not recover fees associated with a second motion for sanctions and to enlarge the discovery period.

---

[1] Based on counsel's statement that Franmar's and Tolbert's attorney fees were equally incurred by both Franmar and Tolbert, the Court has determined that it cannot separate out any fees that were incurred by Tolbert alone.  In fact, the Court suspects that doing so would likely be impossible.  However, Tolbert may re-petition the Court for the fees incurred by Tolbert alone if counsel for Tolbert and Franmar can separate out those fees from the fees incurred by Franmar.  The Court cautions counsel, however, that if they attempt to present the Court with fees incurred by Tolbert alone, the Court would expect such fees to be a relatively small amount.

**Memorandum Decision and Order - 5**

Although the Court enlarged the discovery period, the Court again denied the motion for sanctions. Wheaton is therefore entitled to recover the fees associated with the motion.

Third, Franmar claims that Wheaton should not be entitled to fees associated with Wheaton's failed motion for summary judgment. The Court finds that motions for summary judgment are an integral part of litigation in that they enable the moving party to narrow issues for trial, educate the court as to the weaknesses of the opponent's case, and anticipate the opponent's strategies. These objectives can be accomplished even if the motion is unsuccessful. The Court therefore concludes that Wheaton is entitled to the fees associated with its motion for summary judgment, even though it was ultimately unsuccessful.

Finally, Franmar claims that Wheaton is not entitled to fees associated with retaining an expert because Wheaton did not ultimately submit an expert witness report or call the expert at trial. A tactical decision not to use an expert witness does not mean that consulting the expert in a case like this was unreasonable. Wheaton is therefore entitled to the attorney fees associated with consulting the expert.

Accordingly, the Court finds that Wheaton is entitled to $84,432.50 in attorney fees.

**Memorandum Decision and Order - 6**

### III.    Motions to Retax

Although in diversity actions in federal court an award of attorney fees is governed by state law, an award of costs is governed by Fed. R. Civ. P. 54(d). *Champion Produce, Inc. v. Ruby Robinson Co. Inc.*, 342 F.3d 1016, 1222-1224 (9th Cir. 2003). Costs are generally allowed to the "prevailing party" as a matter of course. *See Idaho Potato Comm. v. G&T Terminal Packaging, Inc.*, 425 F.3d 708, 723 (9th Cir. 2005) (quoting Fed. R. Civ. P. 54(d)). Rule 54 creates a presumption in favor of awarding costs while at the same time granting the district court the discretion not to allow costs. *Berkla v. Corel Corp.*, 302 F.3d 909, 921 (9th Cir. 2002) (citing *Ass'n of Mexican-American Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000); *see also Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004) (observing that the established rule is that costs are generally awarded to the prevailing party); *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000) (noting there is a "heavy" presumption of awarding costs to a prevailing party).

This Court's local rules provide that "[g]enerally, the prevailing party is the one who successfully prosecutes the action or successfully defends against it, prevails on the merits of the main issue, and the one in whose favor the decision or verdict is rendered and judgment entered." D. Idaho. L. Civ. R. 54.1. Where each

**Memorandum Decision and Order - 7**

party has won a judgment, the "prevailing party" can be the party who prevails as to the substantial part of the litigation.  See First Commodity Traders, Inc. v. Heinold Commodities, Inc., 766 F.2d 1007, 1015 (7th Cir. 1985).  It can also be the party who won the larger judgment.  See Hillside Enterprises v. Carlisle Corp. 69 F.3d 1410, 1416 (8th Cir. 1995) (citing Roberts v. Madigan, 921 F.2d 1047, 1058 (10th Cir.1990) Alternatively, in such circumstances, the court has the discretion to require each party to bear its own costs.  Amarel v. Connell, 102 F.3d 1494, 1523 (9th Cir. 1996) (citing Testa v. Village of Mundelein, 89 F.3d 443 (7th Cir. 1996)).

In order to recover costs, the prevailing party must file a cost bill on the prescribed Court form within fourteen (14) days after entry of judgment.  D. Idaho L. Civ. R. 54.1. (a).  Furthermore, "[t]he cost bill must itemize the costs claimed and be supported by a certificate of counsel that the costs are correctly stated, were necessarily incurred, and are allowable by law."  Id.  See also 28 U.S.C. § 1924.  A party against whom costs are sought may file specific objections to claimed items setting forth the grounds for the objections within fourteen (14) days after service of the cost bill.  Id.  The Clerk will tax costs not less than twenty-eight (28) days after receipt of the cost bill and any objections.  Id.

**Memorandum Decision and Order - 8**

Recoverable costs are set forth in 28 U.S.C. § 1920.[2]  Recovery of out-of-town witnesses's travel and lodging expenses are authorized collectively under 28 U.S.C. §§ 1821 and 1920(3).[3]  *See Majeske v. City of Chicago*, 218 F.3d at 825-26 (citations omitted).

### A.     Wheaton's Costs

Wheaton claimed costs of $2,433.34.  The Clerk of Court allowed all but $15 of those costs (Docket No. 155).  Defendants thereafter filed their Motion to Retax on the grounds that Wheaton was not the prevailing party, that the taxation of Joe Woods' lodging exceeded the maximum statutory subsistence rate, and that the taxation of Joe Woods' mileage expense for travel to and from Salmon, Idaho, was excessive by almost 100 miles each way.

---

[2]  A judge or clerk of any court of the United States may tax as costs the following:
   (1) Fees of the clerk and marshal;
   (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
   (3) Fees and disbursements for printing and witnesses;
   (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
   (5) Docket fees under section 1923 of this title;
   (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

[3]  Title 28 U.S.C. § 1821 addresses per diem, mileage, and subsistence computations.

**Memorandum Decision and Order - 9**

As discussed above in the attorney fees section of this decision, Wheaton was the prevailing party in this action. The same reasoning supports a finding that Wheaton was the prevailing party with respect to costs. The Court further finds that Wheaton's cost bill was timely filed and complied with the requirements of D. Idaho L. Civ. R. 54.1. The Court also finds that Defendants' objection that the taxation of Joe Woods' lodging exceeded the maximum statutory subsistence rate is without merit. Joe Woods' travel and testimony required three days, and the claimed sum of $175.60 is less than three times the daily per diem of $73. Defendants' objection that the taxation of Joe Woods' mileage expense was excessive is also without merit. Traveling to Boise from Salmon, Idaho, through Sun Valley is reasonable during the winter months when weather conditions can deteriorate rapidly causing road closures on the more direct route. Accordingly, the Court will award Plaintiffs costs pursuant to Fed. R. Civ. P. 54(d) in the amount of $2,433.34.

### B. Tolbert's Costs

As he did with respect to attorney fees, Tolbert claims that he is entitled to costs as the prevailing party. The Clerk denied several of the costs, allowing only $863.18 of the total amount. Although Tolbert was a prevailing party as to any claims against him individually, the Court's recollection is that very little, if any, of

**Memorandum Decision and Order - 10**

the testimony at trial addressed Tolbert's individual liability.  Furthermore, it is notable that the parties' trial briefs (Docket Nos. 101 and 105) did not address the issue of Defendant Tolbert's liability.  The costs associated with his defense were negligible at best and are interwoven with the costs necessarily incurred in the defense of Defendant Franmar.  The Court therefor finds that although Defendant Tolbert was a prevailing party, he is not entitled to recover costs because his costs are better attributed to Franmar.

**Memorandum Decision and Order - 11**

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Verified Petition for Allowance of Attorney Fees and Nontaxable Expenses (Docket No. 135) shall be, and the same is hereby GRANTED.  Defendant Franmar shall pay Wheaton $84,648.70 in attorney fees.

IT IS FURTHER ORDERED that Defendant Franklin Tolbert's Petition for Award of Attorney Fees and Motion to Extend the Time to Appeal (Docket No. 137) shall be, and the same is hereby, DENIED in part and GRANTED in part. The motion is denied as to the petition for attorney fees.  The motion is granted as to the request that the motion for attorney fees have the same effect under FRAP 4(a)4 as a timely motion under FRCP 59.

IT IS FURTHER ORDERED that Defendant Franmar, Inc.'s Motion to Amend or Make Additional Findings Pursuant to Rule 52(b) and Alter or Amend Judgment Pursuant to Rule 59 (Docket No. 139) shall be, and the same is hereby, DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Retax (Docket No. 156) shall be, and the same is hereby GRANTED.  Wheaton shall not be taxed any costs.

IT IS FURTHER ORDERED that Defendants' Motion to Retax (Docket No.

**Memorandum Decision and Order - 12**

157) shall be, and the same is hereby, DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Retax (Docket No. 158) shall be, and the same is hereby, DENIED.



DATED: **February 21, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge