IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WHEATON EQUIPMENT CO., )<br>an Idaho corporation, )<br>)<br>  Plaintiff, )<br>)<br>  v. )<br>)<br>FRANMAR, INC., a corporation; )<br>and  FRANKLIN TOLBERT, )<br>)<br>  Defendants. )<br>_____) | Case No. CV-03-220-S-BLW<br><br>**MEMORANDUM DECISION**<br>**AND ORDER** |

## INTRODUCTION

The Court has before it Defendant Franklin Tolbert's Second Petition for Award of Attorney Fees (Docket No. 169) and Plaintiff's Motion for Entry of Judgment Re: Attorney Fees and Costs (Docket No. 171).

## ANALYSIS

This Court earlier determined that, considering the fact that the essential claims in this case were claims by Wheaton Equipment Co. ("Wheaton") and Franmar, Inc. ("Franmar") against each other for breach of contract, coupled with the fact that the Court awarded Wheaton over 75% of its requested damages, but awarded Franmar well less than 6% of its requested damages, Wheaton was the

**Memorandum Decision and Order - 1**

prevailing party against Franmar. The Court therefore awarded Wheaton its costs and fees associated with the case.

With respect to Defendant Tolbert, the Court found that he was not a party to the contract and therefore did not breach the contract. Thus, the Court determined that Tolbert prevailed against Wheaton. However, because all of Franmar's and Tolbert's attorney fees overlapped, the Court did not award Tolbert his costs and fees. Nevertheless, the Court stated that Tolbert could re-petition the Court for fees incurred by Tolbert alone if counsel for Tolbert and Franmar could separate out Tolbert's fees from the fees incurred by Franmar. Tolbert has now petitioned the Court for such fees.

After reviewing Tolbert's petition, the Court stands by its initial decision that Tolbert is not entitled to an award of costs or fees. Tolbert's petition states that counsel for Tolbert and Franmar has "determined that the simplest way to separate Tolbert's attorney fees from those incurred by Franmar is to focus on the attorney fees associated with discovery requests and disclosure obligations . . . [and] estimate that half of the applicable fees related to discovery and disclosures were on Tolbert's behalf. . . ." (See Faatz Aff., ¶ 8). This "estimation" is exactly what the Court indicated it would not award. As the Court noted in its original decision, the practical outcome of this case is that Tolbert's victory in escaping

**Memorandum Decision and Order - 2**

personal liability is severely diminished by the fact that Wheaton prevailed against Franmar, Tolbert's closely held company. The Court assumed that based on counsel's earlier statement that Franmar's and Tolbert's attorney fees were equally incurred by both Franmar and Tolbert, it would be impossible to separate out any fees that were incurred by Tolbert alone. Tolbert's "estimation" of his fees proves that assumption. Accordingly, the Court will deny Tolbert's second petition for fees.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant Franklin Tolbert's Second Petition for Award of Attorney Fees (Docket No. 169) shall be, and the same is hereby, DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Entry of Judgment Re: Attorney Fees and Costs (Docket No. 171) shall be, and the same is hereby, GRANTED.

The Court will enter a separate Amended Judgment, which will include the award of costs and fees.



DATED: **May 31, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 4**